UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PALMA VISTA CONDOMINIUM
ASSOCIATION OF HILLSBOROUGH
COUNTY, INC.,

  Plaintiff,

v.           Case No. 8:09-CV-0155-T-27EAJ

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

  Defendant.
_____/

## ORDER

Before the court are Defendant's **Second Motion for More Definite Statement** (Dkt. 46) and Plaintiff's **Response** (Dkt. 48).

## Background

On January 29, 2009, Plaintiff filed a complaint alleging that Defendant failed to pay in accordance with several property and casualty insurance policies. Specifically, Plaintiff asserted claims against Defendant for breach of contract, bad faith, and unfair claim settlement practices. By order of June 11, 2009, the court granted in part Defendant's motion to dismiss to the extent that Plaintiff's bad faith claim and unfair claim settlement practices claim were abated pending adjudication of Plaintiff's breach of contract claim.

On March 1, 2010, Plaintiff filed an Amended Complaint. In response, Defendant filed a motion for more definite statement. Thereafter, the parties agreed that Plaintiff would file a second amended complaint to provide "greater clarity and specificity for the Defendant" (Dkt. 48 at 1).

Plaintiff's Second Amended Complaint sets forth three counts: breach of contract (Count

I), bad faith (Count II) and unfair claim settlement practices (Count III).

On April 29, 2010, Defendant filed a second motion for more definite statement as to Plaintiff's Second Amended Complaint.

## **Discussion**

Defendant seeks an order requiring Plaintiff to provide a more definite statement regarding Count I of the Second Amended Complaint. Defendant argues that Plaintiff failed to point to specific policy language allegedly breached by Defendant. Because the operative language of the insurance policies issued to Plaintiff changed over the course of the parties' ten year relationship, Defendant contends it is unable to frame a defense without knowledge as to which specific policies it allegedly breached. Additionally, Defendant asserts that it is entitled to know when the alleged breach occurred.

In response, Plaintiff alleges that it clarified in the Second Amended Complaint that it is proceeding under ten separately identified policies. Plaintiff alleges that it differentiated between the policies issued by Defendant and those issued by the separate entity Nationwide Mutual Insurance Company. Furthermore, Plaintiff contends that Defendant assumed the obligations contained in the Nationwide Mutual Insurance Company policies. Finally, Plaintiff asserts that its claim is based on "a progressive or gradual loss occurring over the 10 year coverage period" (Dkt. 48 at 3).

Federal Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When considering a motion for a more definite statement, courts look to the requirements of Fed. R. Civ. P. 8. Mitchell v. E-Z Way

Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).[1] Under Rule 8, a pleading must contain a "short and plain statement of the claim" and show that the pleader is entitled to relief. Fed. R. Civ. P. 8. A pleading that satisfies the notice pleading standards of Rule 8 is therefore sufficient to withstand a Rule 12(e) motion for a more definite statement. See Mitchell, 269 F.2d at 132. Accordingly, because the rules of civil procedure employ the concept of liberal notice pleading, motions for more definite statements are disfavored. Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

To state a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. Boim v. Nat'l Data Prods., Inc., 932 F. Supp. 1402, 1405 (M.D. Fla. 1996) (citation omitted).

The Amended Complaint provides fair notice of Plaintiff's claim and the grounds upon which it rests. Plaintiff alleges that it had ten property and casualty insurance policies with Defendant or Nationwide Mutual Insurance Company (Dkt. 45 at ¶¶ 2-8). Plaintiff attached eight of the ten policies to the amended complaint and asserts that Defendant was unable to locate the first two policies issued to Plaintiff in 1996 and 1997 (Id. at ¶¶ 4, 6-8).[2] Plaintiff further contends that Defendant assumed the obligations of the policies issued by Nationwide Mutual Insurance Company (Id. at ¶ 9). In paragraph 10, Plaintiff asserts that each of the ten policies was an "all risk" policy,

---

[1] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Under Rule 8(a), a plaintiff must either attach a copy of an alleged contract to the complaint or "plead it according to its legal effect." Pierce v. Montgomery County Opportunities, Inc., 884 F. Supp. 965, 970 (E.D. Pa. 1995). Plaintiff did not attach two of the missing policies to its complaint; however, Plaintiff pled the legal effect of the two policies in paragraph 10 of the second amended complaint.

which included coverage for collapse caused by hidden decay and insect damage (Id. at ¶ 10). These allegations are sufficient to satisfy the first element of a breach of contract claim.

The second element, requiring an allegation of breach, is also satisfied. In paragraph 16 of the Second Amended Complaint, Plaintiff alleges that Defendant breached each of the ten policies by failing to conduct an investigation of Plaintiff's claim and by failing to pay the claim (Id. at ¶ 16). Although Defendant contends that Plaintiff does not identify the specific provisions of the policies it asserts Defendant breached, Plaintiff alleges that Defendant breached the "collapse" coverage provision of the policies. Moreover, the discovery process will afford Defendant the opportunity to explore further the factual basis of Plaintiff's claim and to narrow the issues concerning the policies' specific terms. Defendant may not use a motion for a more definite statement as a means of discovery regarding this claim. Royal Shell Vacations, Inc. v. Scheyndel, 233 F.R.D. 629, 630 (M.D. Fla. 2005).

Finally, in paragraph 18, Plaintiff asserts that it sustained compensatory damages as a result of Defendant's breach, including expended repair costs, projected and estimated repair costs, and relocation expenses incurred during repairs (Id. at ¶ 18). Accordingly, the material elements necessary to sustain recovery under a breach of contract claim have been sufficiently alleged.

Defendant claims that Plaintiff failed to provide details about when the breach occurred. However, Plaintiff alleges that "[b]ased on the nature of termite infestation and termite damage, and wood decay generally, Plaintiff's termite and wood decay loss occurred gradually and progressively within the ten year period of coverage provided by each of the policies from the 1996/1997 policy through the 2005/2006 policy" (Id. at ¶ 15). Such facts are sufficient to put Defendant on notice of the claim being asserted.

Defendant also argues that Plaintiff should be required to allege a separate count for each breach upon which the claim is founded. Fed. R. Civ. P. 10(b) requires separation of claims into separate counts only when necessary to "promote clarity." Fed. R. Civ. P. 10(b). Here, Plaintiff alleges that Defendant breached all the policies issued between 1996 and 2005. Thus, the complaint is sufficiently clear as it is presently written and there is no need to separate each alleged breach into separate counts.

## Conclusion

Because Plaintiff complied with the requirements of Fed. R. Civ. P. 8, Plaintiff's complaint is not so vague or ambiguous as to require Plaintiff to amend its claim with more specificity. Thus, Defendant's motion for more definite statement is denied and Defendant has fourteen (14) days from the date of this order to answer Plaintiff's Second Amended Complaint.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Defendant's **Second Motion for More Definite Statement** (Dkt. 46) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 7th day of June, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge